IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY LAVERN BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-048 |
| | ) | |
| T.J. CONLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings this case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his § 2254 petition be **DISMISSED** as successive, and this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner attempts to challenge his 2002 convictions in the Superior Court of Columbia County, Georgia, for child molestation, rape, enticing a child for indecent purposes, and kidnapping. (Doc. no. 1, p. 1.) Petitioner was sentenced to life imprisonment plus forty years, and the Georgia Court of Appeals denied Petitioner's direct appeal on August 16, 2007. (Id. at 2.) On October 29, 2007, Petitioner filed a state habeas corpus petition in the Superior Court of Gwinnett County, alleging various counts of ineffective

assistance of counsel.[1]  On April 12, 2010, the Superior Court of Gwinnett County denied Petitioner's state habeas claims, and on September 7, 2010, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal.  See CV 110-129, doc. no. 20, p. 3.

Petitioner then filed his first federal habeas corpus petition on September 24, 2010. Id., doc. no. 1.  Therein, Petitioner attempted to attack the same convictions at issue here, claiming the prosecution failed to disclose favorable evidence at trial, his conviction was obtained pursuant to a violation of his protection against double jeopardy, his conviction was obtained by action of an unconstitutionally selected grand jury, and he was denied effective assistance of trial counsel.  See id. at 7.  On June 29, 2011, this Court conducted a review of the petition, finding his claims were either procedurally defaulted, provided no basis for federal habeas relief, or were otherwise without merit.  Id., doc. no. 20.  Chief United States District Judge J. Randal Hall adopted this Court's recommendation as the opinion of the District Court and dismissed the case.  Id., doc. no. 26.  Petitioner appealed the dismissal, which the Eleventh Circuit Court of Appeals dismissed for lack of jurisdiction due to his having filed it prematurely.  Id., doc. nos. 23, 32.

On June 14, 2013, Petitioner filed a second § 2254 petition.  CV 113-103, doc. no. 1. Petitioner again argued the prosecution failed to disclose favorable evidence at trial and ineffective assistance of trial counsel.  Petitioner also raised new claims concerning alleged due process violations, trial court error in charging the jury concerning his rape count,

---

[1] Petitioner's prior proceedings are well-documented in his prior federal habeas corpus filings, and the Court takes judicial notice of its own records.  See Brown v. Toole, CV 110-129, doc. no. 20, p. 3 (S.D. Ga. June 29, 2011) (hereinafter "CV 110-129"); Brown v. Barrow, CV 113-103, doc. no. 3 (S.D. Ga. June 14, 2013) (hereinafter "CV 113-103").

improper evidence, prosecutorial misconduct, and newly discovered DNA evidence. Id., at 6-8. Because Petitioner did not seek permission to file a second or successive § 2254 petition with the Eleventh Circuit Court of Appeals, this Court dismissed the petition for lack of jurisdiction on July 15, 2013. Id., doc. nos. 3, 5.

On October 23, 2014, Petitioner filed an application for leave to file a second or successive habeas corpus petition with the Eleventh Circuit Court of Appeals. Id., doc. no. 7. On November 18, 2014, the Eleventh Circuit denied Petitioner leave to file a second or successive petition, finding Petitioner failed to make a prima facie showing under § 2244(b)(2). Id. at 4. Despite the Eleventh Circuit's denial, Petitioner filed the present § 2254 petition, his third, on April 20, 2017. (Doc. no. 1.) Petitioner again raises a myriad of ineffective assistance claims alleging trial counsel was ineffective for failing to object to the jury instructions on rape, confront witnesses, object to hearsay, and challenge the prosecution's withholding of exculpatory DNA evidence. (See generally id.)

## II.  DISCUSSION

Pursuant to the Court's power to take judicial notice of its own records,[2] the Court finds Petitioner has filed prior applications for federal writ of habeas corpus, thereby making the current application successive. The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus,

---

[2] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

§ 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, the Eleventh Circuit denied Petitioner leave to file a second or successive § 2254 petition on November 18, 2014. CV 113-103, doc. no. 7. Petitioner provides no indication he has either sought or been granted permission from the Eleventh Circuit since the denial. Without such authorization, this Court cannot consider Petitioner's claims. See Medina, 109 F.3d at 1564.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his § 2254 petition be **DISMISSED** as successive, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of May, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA